**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-20956
Summary Calendar

M. YVONNE RICHARDS

Plaintiff-Appellant,

VERSUS

AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE CO.

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-111)

January 11, 1999

Before JOLLY, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Following termination from her employment by American General Life and Accident Insurance Company ("American"), Appellant sued alleging age and gender discrimination and retaliatory discharge. The district court granted summary judgment for American. Richards appeals. We affirm.

The controlling issue is whether Appellant has created an issue of material fact as to any or all of her claims. We review

[1]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

de novo, and a substantial conflict in evidence must exist to create a jury question on the issue of discrimination. <u>Rhodes v. Guiberson Oil Tools</u>, 75 F.3d 989, 993 (5th Cir. 1996) (en banc). Thus, Appellant can defeat the motion only if the evidence, taken as a whole: (1) creates a fact issue as to whether the employer's stated reason for the discharge was pretext; and (2) creates a reasonable inference that [age, gender or retaliation] was a determinative factor in the employment decision. <u>Id</u>. We view the evidence in the light most favorable to Appellant.

Richards had been employed by American for thirty-two years. At her termination, she was Associate Director of the Sales/Mass Marketing department. This department was combined with the Mass Marketing Administration department and nine jobs were eliminated, including Richards'. Thereafter, and as part of the restructuring, two new positions entitled Senior Writing Consultants were created, and McConville and Parker were employed in those jobs. Both were under forty years of age. Also, American transferred the position of underwriting mass marketing, from the underwriting department to the mass marketing group which was the department in which Appellant had formerly worked. Huff, who held the job in underwriting, was transferred with it to mass marketing.

ANALYSIS

Because Appellant relies on the identical evidence to establish her age and gender discrimination claims, and because the same standard is applicable to each, we discuss them together.

Richards contends that the proffered nondiscriminatory reason

2

tendered for her termination, reduction in force, is pretextual because she had the same or superior qualifications than the younger persons hired and the male retained for underwriting positions after the reduction in force. In support, she offers her deposition testimony (which she concedes is insufficient standing alone) and the affidavits of Lacy and Gott. The district court found that Lacy was not competent to determine whether Richards was better qualified because Lacy had never reviewed Richard's work or the qualifications of those hired; and was not privy to American's objectives in the restructuring or the skills required to accomplish that objective. Lacy's affidavit was, therefore, not probative of pretext. Our review of the record convinces us the district court was correct.

Further, the district court reasoned that Gott's affidavit merely showed that, at most, Appellant's termination may have been arbitrary or unjustified, but does not show that the termination was unlawfully motivated. Rhodes, 75 F,3d at 994. Again we agree.

Finally, the district court determined that there was no evidence that Appellant's age motivated American's decision to terminate her. Our review of the record shows this to be correct.

We turn now to Appellant's retaliatory discharge claim. She contends first that she participated in an earlier sexual harassment investigation of American's president, and Gott's affidavit states that, for that reason, the president wanted Richards fired. This, she argues, creates a jury issue.

The district court correctly found that Gott's affidavit does

not indicate that Richards was terminated because of her participation in the investigation of the president. The ultimate issue in a retaliation case is "but for" causation. Long v. Eastfield College, 88 F.3d 300, 305 n.4 (5th Cir. 1996). Examination of the evidence in the light most favorable to Richards shows there is no substantial fact issue created that, but for her participation in the investigation, she would not have been terminated. She relies solely on Gott's affidavit and points to no substantial conflict in the evidence regarding the proffered explanation for her termination. Indeed, the record indicates the president was unaware of Richards' participation in the investigation. Therefore, under the Rhodes rational, Appellant has not produced sufficient evidence to create a jury question. Additionally, the district court properly considered the lapse of time (two years) between Appellant's participation in the investigation and her termination. Shirley v. Chrysler First, Inc., 970 F.2d 39, 44 (5th Cir. 1992).

AFFIRMED.

4